**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**EARL R. MERCHANT**                                                                     **PETITIONER**
**#136222**

**V.**                      **No. 5:07CV00013 SWW-BD**

**LARRY NORRIS, et al.**                                                       **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

1

II.     **Background:**

On March 2, 2005, while Petitioner Earl R. Merchant was incarcerated in Oklahoma, a detainer was lodged against him by the State of Arkansas for charges pending in the Circuit Court of Benton County. Petitioner became aware of the Arkansas detainer, and on May 10, 2005, he filed a motion for a speedy trial with the Benton County Circuit Court. On January 31, 2006, Petitioner was discharged from the Oklahoma Department of Corrections to the custody of the Benton County Sheriff on the Arkansas detainer. On May 26, 2006, Petitioner pleaded guilty in Benton County Circuit Court to three counts of delivery of a controlled substance. The trial court imposed a sentence of 15 years' imprisonment in the Arkansas Department of Correction ("ADC") followed by a 20-year suspended sentence. Petitioner did not file any motions with the trial court following his plea.

Petitioner brings this petition for writ of habeas corpus claiming: (1) a violation of his right to a speedy trial under Arkansas law and the Sixth Amendment; (2) a violation of the Interstate Agreement on Detainer Act ("IADA"); (3) "the State" acted with prejudice towards him by not responding to his letters, requests and motions; and (4) prosecutorial misconduct because prosecutors neglected to bring Petitioner before the court in a timely manner.

**III.    Discussion:**

A voluntary plea of guilty waives all non-jurisdictional defects. *Cox v. Lockhart*, 970 F.2d 448, 453 (8th Cir. 1992) (citing *Becker v. State of Nebraska*, 435 F.2d 157 (8th Cir. 1970)). All of Petitioner's claims are non-jurisdictional and thus were waived by his voluntary guilty plea. See *U.S. V. Beck*, 250 F.3d 1163, 1166 (8th Cir. 2001) (prosecutorial misconduct claim is non-jurisdictional and thus waived by a voluntary guilty plea); *U.S. v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998) (guilty plea waives claims of pre-plea court error and prosecutorial misconduct); *Cox*, 970 F.2d at 453 (speedy trial is non-jurisdictional in nature and is waived by a knowing and voluntary guilty plea); and *Baxter v. U.S.*, 966 F.2d. 387, 389 (8th Cir. 1992) (IADA claims are non-jurisdictional and are waived by a knowing and voluntary plea of guilty).

Petitioners who enter guilty pleas in state court still may attack the voluntary and knowing nature of their pleas or an illegal sentence. *U.S. v. Andis*, 333 F.3d 886, 890-91 (8th Cir. 2003). Further, petitioners who have pleaded guilty have not waived a claim of ineffective assistance of counsel. *Hall v. State*, 281 Ark. 282, 663 S.W.2d 926 (1984). In this case, however, the Petitioner does not claim the guilty plea was unknowing or involuntary, that the sentence imposed was illegal, or that his counsel was ineffective.

Further, there is nothing in the record to support these arguments or to indicate they were raised with the state court.[1]

In his reply to the response, Petitioner argues that in order to be valid the waiver of his right to a speedy trial must have occurred before the time for the speedy trial expired. In support of this proposition Petitioner cites *Garrison v. State*, 270 Ark. 426, 605 S.W.2d 467 (1980) and *Duncan v. State*, 294 Ark. 105, 740 S.W.2d 923 (1987). Neither case is applicable. In both *Garrison* and *Duncan* the accused went to trial and did not plead guilty. *Garrison*, 270 Ark. at 427; *Duncan*, 294 Ark. at 106. Under Arkansas and Eighth Circuit precedent, a knowing and voluntary guilty plea waives a speedy trial even if the plea is entered after the time for a speedy trial has expired. See *Hall v. State*, 281 Ark. 282, 284, 663 S.W.2d 926, 927 (1984) (appellant who plead guilty to charge that had been pending for fourteen months waived his right to a speedy trial); *Cox*, 970 F.2d at 453 (guilty plea that was knowingly and voluntarily entered after petitioner had filed a motion to dismiss on speedy trial grounds waived the speedy trial issue).

### IV.  Conclusion:

Because petitioner waived his right to appeal all of his non-jurisdictional claims by entering a voluntary and knowing plea of guilty, the Court recommends that Petitioner's petition for writ of habeas corpus (#2) be dismissed with prejudice.

---

[1] Petitioner states that this is his first petition. He did not file a petition with the trial court under Ark. R. Crim. P. 37.1. Petition at pp. 3-4.

DATED this 20th day of July, 2007.

                                                                         _____
                                                                         UNITED STATES MAGISTRATE JUDGE